IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD TOPPER, § | |
| (TDCJ-CID #1800924) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-13-3697 |
| § | |
| PROGRESSIVE COUNTY MUTUAL § | |
| INSURANCE COMPANY, et al., § | |
| Defendants. § | |

**MEMORANDUM ON DISMISSAL**

**I.      Background**

Donald Topper, a Texas Department of Criminal Justice inmate, sued in December 2013, alleging civil rights violations resulting from a denial of due process. Topper has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. The court presumes that he seeks leave to proceed *in forma pauperis*. Topper, proceeding *pro se*, sues Progressive County Mutual Insurance Company; AAAA Insurance Agency; John Doe, a supervising claims investigator; and Oscar Zambrano, an insurance claims investigator.

Topper asserts that his corporation owned collectible vehicles, and the defendants held the insurance policy for those vehicles. On January 9, 2012 Topper reported that a 1982 Rolls-Royce was stolen from the office garage. Topper contacted AAAA Ins. Agency and Progressive County Mutual Ins. Co. Topper asserts that the normal contract time for being paid on a claim is 30 days. Oscar Zambrano, representing Progressive County Mutual Ins. Co., was the investigator working the claim. Zambrano contacted the Sheriff's Office and reported that the trade-in information was not correct. Topper alleges that Zambrano knew Topper was on probation for D.W.I. - and any new

charges would cause Topper's probation to be revoked.

On April 4, 2012, felony charges were filed against Topper for the error on the application for title. In Cause Number 1342753 in the 337th Judicial District Court of Harris County, Texas, Topper was charged with Fraudulent Application for Vehicle Title. Topper states that the charges were dismissed, but his probation was later revoked. Topper alleges that Progressive County Mutual Ins. Co. refused to pay the claim on the 1982 Rolls-Royce from January 2012 to July 2013 and only agreed to pay after the charges against him were dismissed. Topper also complains that Progressive County Mutual Ins. Co. refused to pay a claim regarding a 2005 Bentley. Topper complains that these two acts constituted a breach of contract.

Topper seeks a declaratory judgment and compensatory damages.

**II.    Discussion**

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.

1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under 42 U.S.C. § 1983 requires a showing that Topper has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander*, 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendants do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Topper has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Topper's claims against the named defendants are DISMISSED as frivolous.

### III. Conclusion

Topper's constructive motion to proceed in forma pauperis, (Docket Entry No. 1), is GRANTED. The action filed by Donald Topper (TDCJ-CID Inmate #1800924) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Topper's inmate trust account and forward payments to the court on a regular basis, provided the account

exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on _____Jan 6_____, 2013.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE